Susan F. Balaschak
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103
Tel.: (212) 880-3800
Fax: (212) 880-8965

John E. Mitchell (*Admitted Pro Hac Vice*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) ) REPUBLIC HIGH TECH METALS, LLC, ) ) Debtor. ) ) | Chapter 11 Case No. 18-13638 |
| In re: ) ) RMC DIAMONDS, LLC, ) ) Debtor. ) ) | Chapter 11 Case No. 18-13639 |
| IN RE: ) ) RMC2, LLC, ) ) Debtor. ) ) | Chapter 11 Case No. 18-13641 |
| In re ) ) J & L REPUBLIC LLC, ) ) Debtor. ) ) | Chapter 11 Case No. 18-13642 |

47006375;1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| R & R METALS, LLC, | ) | Case No. 18-13643 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| REPUBLIC TRANS MEXICO METALS, SRL, | ) | Case No. 18-13644 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | |
| | ) | Chapter 11 |
| REPUBLIC METALS TRADING (SHANGHAI) CO., LTD., | ) | Case No. 18-13645 |
| | ) | |
| Debtor. | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES OF REPUBLIC METALS REFINING CORPORATION, *ET AL.* APPLY TO ALL ABOVE-CAPTIONED CASES**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors (the "Additional Debtors"), by and through undersigned counsel, file their emergency motion (this "Motion") for entry of interim and final orders directing that certain orders entered in the chapter 11 cases jointly administered as *In re Republic Metals Refining Corporation, et al.* (the "Original Debtors"), Case No. 18-13359 (the "Original Case") apply in the chapter 11 cases of the Additional Debtors.

**PRELIMINARY STATEMENT**

1. On November 21, 2018, each of the Additional Debtors, including Republic High Tech Metals, LLC, RMC Diamonds, LLC, RMC2, LLC, J & L Republic LLC, R & R Metals, LLC, Republic Metals Trading (Shanghai) Co., Ltd., and Republic Trans Mexico Metals, de CV, a sociedad de responsibilidad limitada de capital variable, filed voluntary chapter 11 petitions. The Additional Debtors are affiliates of the Original Debtors and are part of the Original Debtors' ongoing business operations. The Additional Debtors respectfully request entry of interim and final orders directing that all first day orders, as more fully described below, in the Original Case are made applicable to the Additional Debtors. The relief granted in the first day orders, as described below, is the same relief the Additional Debtors would request if they filed their own first day motions, and the Additional Debtors file this Motion to efficiently manage the Original Debtors' estates and avoid duplicative motions and hearings.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

**EMERGENCY CONSIDERATION**

3. The Additional Debtors request emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. The Additional Debtors seek immediate relief in order to ensure a smooth transition into their chapter 11 cases. Failure to receive the applicable relief during the first 21 days of filing would severely disrupt the Additional Debtors' operations at this critical juncture. Accordingly, the Additional

Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003, and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## BACKGROUND

**A.    Procedural History**

4.    On November 2, 2018 (the "Petition Date"), Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC filed the Original Case in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.    On November 21, 2018 (the "Second Petition Date"), the Additional Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Additional Debtors are requesting to be jointly administered in the Original Case.

6.    The Original Debtors and the Additional Debtors (where collectively, the "Debtors") continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.    Additional background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in the Declaration of Scott Avila in support of Chapter 11 Petitions and First Day Motions [Dkt. No. 2].

**B.    Orders Entered Prior to Second Petition Date**

8.    On the Petition Date, the Original Debtors filed motions (the "First Day Motions") requesting certain relief in order to facilitate a smooth transition into chapter 11. The

Court entered the following orders (the "Entered Orders") in the Original Case, authorizing the relief requested in the First Day Motions:

a. *Order Directing Joint Administration of Related Chapter 11 Cases* [Dkt. No. 44];

b. *Order Authorizing Debtors to (A) Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and (B) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, (II) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (III) Granting Related Relief* [Dkt. No. 45];

c. *Interim Order (I) Authorizing the Debtors to, in the Ordinary Course, Use Cash Management System Bank Accounts and Business Forms, (II) Authorizing Banks and Financial Institutions to Honor and Process All Related Check and Electronic Payment Requests, and (III) Granting Related Relief* [Dkt. No. 46];

d. *Interim Order (I) Authorizing Debtors to (A) Pay Pre-Petition Wages and other Compensation and Employee Benefits, and (B) Continue Existing Employee Benefit Plans and Programs, (II) Authorizing Banks and Financial Institutions to Pay All Checks and Electronic Payment Requests, and (III) Approving Debtors' Discretionary Employee Incentive Programs* [Dkt. No. 47];

e. *Interim Order Authorizing (I) the Debtors to Pay Certain Prepetition Taxes, (II) Banks to Honor and Process Related Checks and Transfers, and (III) Setting a Final Hearing* [Dkt. No. 48];

f. *Order Granting Debtors' Emergency Motion for an Order Approving the Form and Manner of Notice of the Case to Creditors and Parties in Interest* [Dkt. No. 49];

g. *Order (I) Approving Retention of Donlin, Recano, & Company, Inc. as Claims and Noticing Agent to Debtors, Effective Nunc Pro Tunc to Petition Date, and (II) Granting Related Relief* [Dkt. No. 50];

h. *Order Granting Debtors' Emergency Motion for Entry of an Order Granting an Extension of Time to File Statements and Schedules* [Dkt. No. 51];

i. *Order (I) Authorizing, But Not Directing, Debtors to (A) Maintain Existing Insurance Programs and Existing Insurance Premium Financing Agreement, and (B) Fund All Obligations in Respect Thereof, and (II) Granting Related Relief* [Dkt. No. 52];

j. *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Dkt. No. 54]; and

k. *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Dkt. No. 55].

9. Further, to the extent the Court enters Final Orders on the First Day Motions, the Debtors respectfully request those Final Orders be made applicable to the Additional Debtors as well.

**C.    Pleadings Pending as of Second Petition Date**

10. Prior to the Second Petition Date, the Debtors filed certain pleadings which are scheduled for hearing at the second day hearings on November 29, 2018 at 2:00 p.m. eastern (the "Second Day Pleadings").  The Second Day Pleadings include:

a. *Application of Debtors Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to (A) Employ and Retain Paladin Management Group, LLC to Serve as Financial Advisor for the Debtors and to Provide the Debtors a Chief Restructuring Officer, and (B) to Designate Scott Avila as the Chief Restructuring Officer of the Debtors as of the Effective Date* [Dkt. No. 58];

b. *Application of the Debtors Authorizing Employment and Retention of Akerman LLP as Counsel for the Debtors Nunc Pro Tunc to the Petition Date* [Dkt. No. 59]; and

c. *Application of Debtors to Retain SSG Advisors, LLC Pursuant to 11 U.S.C. § 327 and 328 to Provide Investment Banking Services to the Debtors* [Dkt. No. 60] and *Supplement to Application of Debtors to Retain SSG Advisors, LLC Pursuant to 11 U.S.C. § 327 and 328 to Provide Investment Banking Services to the Debtors* [Dkt. No. 90].

11. The Additional Debtors respectfully request that, to the extent the Court enters Orders on the Second Day Pleadings prior to entry of an Order on this Motion, those Orders be made applicable to the Additional Debtors.

**RELIEF REQUESTED**

12. The Additional Debtors are seeking entry of interim and final orders directing that (i) the Entered Orders, (ii) any Final Orders on First Day Motions, and (iii) any orders on Second

Day Pleadings are made applicable to the Additional Debtors and further request that any relief granted to the Original Debtors *nunc pro tunc* to the Petition Date shall be applicable to the Additional Debtors *nunc pro tunc* to the Second Petition Date.

## BASIS FOR RELIEF

**A.     Legal Standard**

13.     Bankruptcy Code section 105(a) provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Under section 105(a), the Court has expansive equitable powers to fashion, within the boundaries of the Bankruptcy Code, any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets.  *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990).

14.     Entry of interim and final orders directing that (i) the Entered Orders, (ii) any Final Orders on First Day Motions, and (iii) any orders on Second Day Pleadings are made applicable to the Additional Debtors will obviate the need for duplicative notices, motion, applications, hearings, and orders to be filed in the Original Case.  The Debtors simply seek to save considerable time and expense for their estates, their creditors, and other parties in interest. The Additional Debtors require the protections and authorizations that are set forth in the Entered Orders to enter chapter 11 in an orderly manner.  The relief granted in the Entered Orders addresses many of the "first day" matters that most debtors must handle in a chapter 11 bankruptcy and that similarly apply to the Additional Debtors.  In addition, no modifications to the Entered Orders are required, such as increasing deposits or other amounts.  Likewise, the relief requested in the Second Day Pleadings and as final relief on the First Day Motions will

facilitate the Additional Debtors' smooth entry into chapter 11 and conserve estate and judicial resources.

15. Notably, there is only one change to the Original Debtors' List of Top 30 Unsecured Creditors caused by the filing of the Additional Debtors. The Debtors will amend the Top 30 list to reflect that change.

16. The Original Debtors and the Additional Debtors agree that, as will be addressed at further interim hearings or a final hearing on the Debtors 'use of cash collateral, all cash proceeds of Debtor RTMM's assets and asset sales will be separately segregated into a separate debtor-in-possession account.

17. Had the Additional Debtors commenced their cases at the same time the Original Debtors did, they would have been movants with respect to all of the Entered Orders and the Second Day Pleadings. The Additional Debtors believe that the requested relief is appropriate to carry out the provisions of the Bankruptcy Code. Courts have authorized similar relief in other complex chapter 11 cases. *See e.g., In re Tribune Company, et al.*, Case No. 08-1314 (Bankr. D.Del. 2009) [Dkt. No. 2333]; *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. 2009) [Dkt. No. 2929]; *In re Neighbors Legacy Holdings, Inc., et al.* Case No. 18-34030 (Bankr. S.D. Tex. 2018) [Dkt. No. 3].

18. The Additional Debtors submit that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest and should therefore be granted.

## **NOTICE**

19. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors' 30 largest unsecured creditors on a

consolidated basis; (c) the Debtors' Secured Lenders; (d) counsel to the Official Committee of Unsecured Creditors; and (e) any other party requesting notice in these Cases.

20. The Additional Debtors respectfully request the Court enter interim and final orders in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) directing that (i) the Entered Orders, (ii) any Final Orders on First Day Motions, and (iii) any orders on Second Day Pleadings are made applicable to the Additional Debtors, and (b) granting such other and further relief as the Court deems just and proper.

WHEREFORE, the Additional Debtors, as debtors and debtors in possession in the above-captioned cases, respectfully request the Court enter interim and final orders in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) directing that (i) the Entered Orders, (ii) any Final Orders on First Day Motions, and (iii) any orders on Second Day Pleadings are made applicable to the Additional Debtors, (b) setting a final hearing on this Motion, and (c) granting such other and further relief as the Court deems just and proper

Dated: New York, New York
November 21, 2018

                        AKERMAN LLP

                        By:    */s/Susan F. Balaschak*
                             Susan F. Balaschak
                             666 Fifth Avenue, 20th Floor
                             New York, NY 10103
                             Tel.: (212) 880-3800
                             Fax: (212) 880-8965
                             E-Mail: susan.balaschak@akerman.com

                                     -and-

                             John E. Mitchell (Admitted *Pro Hac Vice*)
                             AKERMAN LLP
                             2001 Ross Avenue, Suite 3600
                             Dallas, TX 75201
                             Tel.: (214) 720-4300

>                               Fax: (214) 981-9339
>                               E-Mail: john.mitchell@akerman.com
>
>                               Andrea S. Hartley (Admitted *Pro Hac Vice*)
>                               Katherine C. Fackler (Admitted *Pro Hac Vice*)
>                               AKERMAN LLP
>                               98 Southeast Seventh Street, Suite 1100
>                               Miami, FL 3313
>                               Tel.: (305) 374-5600
>                               Fax: (305) 374-5095
>                               E-Mail: andrea.hartley@akerman.com
>                               E-Mail: katherine.fackler@akerman.com
>
>                               *Proposed Counsel for Debtors and Debtors-in-Possession*